UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTONIO ALBERTO SEBASTIAN, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | Case No. 4:06CV1730 RWS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Antonio Alberto Sebastian's Motion and Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#1, #4]. For the reasons set forth below, the motions will be denied.

**I.     Background**

On May 2, 2005, Sebastian pled guilty to the indictment charging him with being an alien with an aggravated felony conviction who illegally reentered the United States after having previously been deported "in violation of Title 8, United States Code, Section 1326(a), and punishable under Title 8, United States Code, Section 1326(b)(2)." The indictment further charged that Sebastian "was previously deported from the United States after being convicted of a felony offense which was a crime of violence, thereby making the offense punishable under U.S.S.G. Section 2L1.2(b)(1)(A)." During the plea colloquy, Sebastian stated that he understood that "the maximum sentence of imprisonment for the charge to which [he is] pleading guilty is a term of imprisonment not to exceed twenty years." Based on his representations made during the hearing, I accepted Sebastian's plea of guilty and set sentencing for April 1, 2005.

A Presentence Investigation Report was then prepared. The PSR recommended a base

offense level of 8. Because Sebastian had been previously deported from the United States after being convicted of a child molestation felony, which is a crime of violence, a 16-point offense level enhancement was applied in Sebastian's Guidelines calculation under Section 2L1.2(b)(1)A). The PSR also recommended a three-level downward adjustment for acceptance of responsibility for a total offense level of 21. With a criminal history category III, the PSR calculated a guideline range of 46-57 months.

At sentencing, Sebastian's attorney objected to the use of the Guidelines as resulting in an unreasonable sentence and moved for a downward departure from the applicable Guidelines range based on: 1) the application of the 16-point offense level enhancement to his Guidelines calculation; and 2) the overstated seriousness of his criminal history (which the Court and counsel discussed as "double counting" Sebastian's prior conviction in determining offense level and criminal history). After considering the arguments of the parties, I denied the motion for departure and determined that the Guidelines range of 46 to 57 months was appropriate. I then proceeded to consider the factors of 18 U.S.C. § 3533(a) to reach a reasonable sentence in Sebastian's case. After considering the purposes of the statute and determining that the low end of the Guidelines range was appropriate in his case, I sentenced Sebastian to 46 months imprisonment.

Sebastian appealed his sentence to the Eighth Circuit Court of Appeals, arguing that: 1) I did not fully consider the factors of 18 U.S.C. § 3553(a) in determining a reasonable sentence; and 2) the absence of a fast-track program in this district created an unwarranted sentencing disparity that I failed to consider under § 3553(a)(6). The Eighth Circuit rejected Sebastian's arguments and affirmed Sebastian's sentence in <u>United States v. Sebastian</u>, 436 F.3d 913 (8th

Cir. 2006).

Sebastian then filed the instant motion for relief under § 2255.

## II. Grounds for Relief

In his § 2255 motion, Sebastian raises the following grounds for relief:

(1) Ineffective assistance of trial and appellate counsel for failing to argue that he pled guilty only to the base offense in 8 U.S.C. § 1326(a) (which carries a statutory maximum sentence of two years) and not to the sentencing enhancement provisions of § 1326(b)(2) (Grounds 1 and 2); and

(2) His sentence is illegal and amounts to cruel and unusual punishment because it is in excess of the two-year statutory maximum sentence under § 1326(a) (Grounds 3 and 4).

## III. Analysis

*A. An Evidentiary Hearing is not Warranted*

An evidentiary hearing need not be held if Sebastian's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). For the reasons stated below, Sebastian's allegations do not rise to the level that would require the Court to hold an evidentiary hearing.

*B. Sebastian's Counsel were not Ineffective*

To state a claim for ineffective assistance of counsel, Sebastian must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). In considering whether this showing has been accomplished, "judicial scrutiny of

counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. at 689. Second, Sebastian "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel is not ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

In this case, Sebastian's trial and appellate attorneys were not ineffective for advancing the argument proposed by Sebastian because it is meritless. Sebastian pled guilty to the enhancement provisions of Section 1326(b)(2), making the statutory maximum term of imprisonment 20 years. The indictment charged that Sebastian "was previously deported from the United States after being convicted of a felony offense which was a crime of violence, thereby making the offense punishable under U.S.S.G. Section 2L1.2(b)(1)(A)." Sebastian stood before me and, under oath, told me that he was pleading guilty to the indictment and that he understood that the maximum sentence of imprisonment for the crime to which he was pleading guilty was 20 years. (Docket #38, Pages 11-14, Cause Number 4:04CR579). Sebastian's plea agreement also acknowledged the 20-year statutory maximum penalty. Because Sebastian pled guilty to the statutory enhancement provisions of Section 1326(b)(2) and admitted that he was facing up to a 20-year maximum term of imprisonment, counsel were not ineffective for failing to argue that Sebastian only pled guilty to the base offense level in § 1326(a) and a two-year statutory maximum sentence. Accordingly, Grounds 1 and 2 of Sebastian's § 2255 motions must be denied.

Grounds 3 and 4 fail for the same reason. As stated above, Sebastian pled guilty to the enhancement provisions of § 1326(b)(2), making the statutory maximum term of imprisonment 20 years. Therefore, Sebastian's sentence of 46 months imprisonment was not in excess of the statutory maximum and is therefore not illegal or in violation of the Eighth Amendment as argued by Sebastian. Moreover, on direct appeal the Eighth Circuit affirmed Sebastian's sentence as reasonable. See United States v. Sebastian, 436 F.3d 913, 917 (8th Cir. 2006). Grounds 3 and 4 of Sebastian's § 2255 motions will therefore be denied.

As Sebastian has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a Certificate of Appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motions of Antonio Alberto Sebastian to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1, #4] are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Sebastian has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                                  */s/ Rodney W. Sippel*
                                                           RODNEY W. SIPPEL
                                                           UNITED STATES DISTRICT JUDGE

Dated this 18th day of April, 2008.